Nicholson, C. J.
delivered the opinion of the court.
J. C. Anderson, for the use of John H. Hicks, sued Ben May, in the Circuit Court of Shelby county, as guarantor of the payment of $1,400, on the 1st of January, 1867. The following letter is the evidence -of the guaranty on which suit is brought;
*85 Memphis, Nov. 23, 1866.
Mr. J. C. Anderson, Helena, Ark. — Dear Sir: If Dr. J. C. Benjamin rents from yon the plantation (Hicks’) according to the terms he mentions, viz: fourteen hundred dollars, to be paid 1st January next, and completes his arrangements with you, I will guarantee the said cash payment. Very respectfully,
Ben May.
It appears from the bill of exceptions that T. G. Anderson and P. H. Dade were real estate agents in Helena, Arkansas, and in partnership. They had the renting of a plantation of John H. Hicks, situated in Philips county, Arkansas. There is conflict in the proof as to whether the contract of renting with J. M. Benjamin was made by Anderson alone, or by Anderson & Dade. There is also direct conflict in the proof as to the terms of the contract. Anderson proves that he rented the place absolutely and unconditionally to Benjamin, for the year 1867, for $4,000, of which $1,400 were to be paid on the 1st of January, 1867, and that Benjamin took possession of the place by agents. On the other hand, Benjamin proves that the contract was made on condition that he made certain moneyed arrangements for supplies to run the place; that he failed in his arrangement, and notified Anderson that the contract was abandoned. They agree as to the terms of the contract, and that its date was November 27, 18,66 — $1,400 to be paid 1st January, 1867, and the balance December 1, 1867.
The Circuit Judge charged the jury, among other things, that “if you find the renting was made by *86 Dade and Anderson, you will find for defendant. The guaranty will not hold unless there was a valid renting, for this was the contract upon which the guaranty was based. If you are satisfied, from the proof, that the contract of renting was not in writing, then it would be void, unless the proof satisfies you that it was to be performed within a year immediately after the contract was made. If the proof satisfies you that the contract of renting was made verbally in November, 1866, for the year 1867, the contract could not be enforced, and you will find- for defendant.”
The jury found a verdict for defendant, and plaintiff has appealed in error.
The errors relied on for reversal by plaintiff, are assigned upon those portions of the charge above quoted. In view of the conflict in the proof, as to whether the plantation was rented to Benjamin by Anderson alone, or by Dade & Anderson, the court instructed the jury that if the renting was done by Dade & Anderson, then the suit could not be maintained in the name of Anderson. It is insisted that this was error. In support of the correctness of the instruction, counsel for defendant rely upon the case of Allison v. Rutledge, 5 Yerg., 193.
In that case the letter of guaranty was addressed “ to Mr. Allison.” Parol proof was heard in the court below to show that the letter was addressed to John Allison the elder, and not to either of the plaintiffs, the suit being in the name of John and Joseph Allison. This court held that, as the letter *87 was addressed to one Allison and not to two, parol evidence could not be given to vary the paper, by showing that it was meant to be addressed to two instead of one.
But in the present case the letter is addressed to Andérson, and the suit is in his name. No parol evidence was resorted to, nor was any necessary, to vary the paper; but the parol evidence tended to show that the renting may have been done by Dade & Andei’son as partners and not by Anderson individually. It is obvious that the decision in Allison v. Rutledge has no bearing upon the present case. Here the question is, whether May’s obligation as guarantor was to depend upon the fact that the land was to be rented to Benjamin by Anderson individually, or whether his obligation was not the same whether 'the renting was by Anderson, one of the partners, or by both partners, Dade & Anderson. The object of May was to enable Benjamin to rent the land. He knew it was Hicks’ land, and that Anderson was acting as agent. "Whether the contract for renting was made by Anderson, or by him and his partner, was an immaterial matter. Following the decisions in our State and in others which give a liberal construction to the language used in guaranties, -we are of opinion that the obligation of May was not affected by the fact, if it was proven that the contract of renting was made by Dade & Anderson as partners, and not by Anderson alone' as one of the partners. Bright v. McKnight, 1 Sneed, 157; Vanlier v. Crawford, 2 Swan, 117; Benjamin v. Hil- *88 liard, 23 How., 149; Wordsworth v. Allen, 8 Gratten, 174.
It is farther assigned as error, that the court instructed the jury that if the contract of renting of the land was made in November, for the year 1867, the lease would be void and the guarantor would not be liable.
As the contract was made in Arkansas, for the lease of land in that State, the case must be governed by the laws of Arkansas. By the laws of Arkansas, as we find them in the Appendix to Brown on Statutes of Frauds, , 506, the following provisions are made: *
Sec. 1. No action shall be brought to charge any person upon any lease of lands, tenements or hereditaments, for a longer term than one year; nor to charge any person upon any contract, promise or agreement, that is not to be performed within one year from the making thereof, unless the agreement shall be in writing.
We are aware of. no construction of these provisions of the Statute of Frauds by.the courts of Arkansas; nor have similar provisions in our own Code undergone judicial construction, so far as the question now presented is involved.
By sec. 1 of 29 Charles II., 3, all leases, etc., made by parol, etc., could only have the force and effect of leases at will, except, by sec. 2, all leases not exceeding the term of three years from the making thereof.
*89 It is observed that in the Arkansas statute the concluding words, “from the making thereof,” are omitted; therefore, the construction of the English statute can afford us but little assistance in construing the Arkansas statute. By the English construction, the three years were to be computed from the time of making the agreement, and not from any subsequent day. This is clearly the plain reading of the statute.
But in New York, where the words “from the making thereof” are omitted in this statute, as they are in the Arkansas statute, it was first held, in the case of Cromwell v. Crane, 7 Barb., 191, that a verbal lease for one year, to commence in futuro, was still invalid, notwithstanding the alteration in the law. But the same question came before the Court of Appeals in the following year, when the decision in Cromwell v. Crane was overruled, and the court held that the Legislature clearly intended to omit the words, “from the making of the lease,” and that their intention must be carried out, such omission not being contrary to the common law, Judge McConn being of opinion that there is nothing in the common law to prevent the making of a letting for a year to commence in futuro, and that the time between the making of the lease and its commencement in possession is no part of the term granted. When, therefore, our statute speaks of a lease for a term not exceeding one year, and a contract for a lease for a period not longer than one year, it has reference to the time for the tenant to possess and occupy the premises, and *90 does not include any previous or intermediate time. A lease, therefore, for the term of one year may as well be made to commence at a future day, as at the day of making it. Young v. Dake, 1 Selden, 463; Brown on Statute of Frauds, 36; Taylor’s Landlord and Tenant, 21. It is to be observed, that the New York statute not only contains the provision that “ every contract for the leasing for a longer period than one year shall be void ” unless in writing, but the further provision that “ every agreement that by its terms is not to be performed within one year from the making thereof,” shall be void. The decision referred to in 1 Selden, assumes that this latter provision has no reference to a contract for leasing, provided for in the former section, but to other agreements not to be performed within a year from the making thereof; the agreement for the lease for one year to commence at a future day, not being construed as actually made until the day fixed for the commencement of the lease.
As the provisions of the Statute of Arkansas are substantially the same with those of New York, we are content to apply to the former the same construction placed by the courts of New York on the latter.
But there is an additional section in the Arkansas statute which bears upon the same question, and would control the result, without reference to the other provisions already construed. In sec. 10 it is provided that “all leases of any land made by parol, and not put in writing, shall only have the force and effect of leases at will.” So far it is substantially copied *91 from the English statute of 29 Charles II. It then proceeds: “And shall not, either in law or equity, be deemed or taken to have any other or greater effect or force than as leases not exceeding the term of one year.”
By the English Statute, verbal leases were not made void, but operated as estates at will; and after entry, such tenancy was converted into a tenancy from year to year: Broom Stat. Frauds, 38. The Statute of Arkansas adopts the same rule, and has incorporated it into the law of the State. So that, in Arkansas a verbal lease of land, with or without entry, is made to operate as a lease for one year from the date of the agreement.
It follows, therefore, that in the case before us, if it be assumed that the contract of lease was made on the 26th of November, 1866, and to run through the year 1867, the lease would not. be void, but would operate as a lease for a year from the 26th of November, 1866. Whether, therefore, we follow the construction of the statute made in New York or not, the result is, that by ' the 10th section of the act of Arkansas, the court was in error in charging that if the lease was made in November, 1866, and was to run through 1867, the same would be void, and that plaintiff could not maintain his action on the guaranty.
For the error indicated, the judgment will be reversed, and a new trial granted.

 The Supreme Court takes judicial cognizance of the laws and statutes of other States. Code, 3801; Hobbs v. M. & C. R. R. Co., 9 Heis., 873.